**Alexandria**

JEAN S. BACON

v.

JOHN E. BACON

No. 1050-85

Decided December 2, 1986

Counsel

Nan M. Joseph (Jean Harrison Clements, on brief), for appellant.

J. Allen Walker, for appellee.

Opinion

MOON, J. — Jean S. Bacon seeks reversal of a divorce decree and an equitable distribution award, alleging that the court: (1) incorrectly applied a "clear and convincing" standard for her to prove that her husband deserted the marriage; (2) erroneously denied her a divorce on the ground of desertion; (3) failed to con-

sider her husband's fault in making the equitable distribution award; (4) abused its discretion by failing to properly consider the value of her husband's civil service retirement benefits in making the equitable distribution award; and (5) abused its discretion in failing to award her spousal support or, in the alternative, making an expressed reservation for future spousal support in the final decree.

We reverse and remand the case because the court incorrectly required the wife to prove by clear and convincing evidence that her husband deserted the marriage. The proper standard of proof in such a case is proof by a preponderance of the evidence.

## I.

Jean S. Bacon and John E. Bacon, both fifty-six years old, were married for thirty-two years when Mr. Bacon left the marital home on December 4, 1982. They raised four sons, all over eighteen years of age at the time the divorce decree was entered. Both parties are generally in good health except that both have hypoglycemia, which is not disabling in either case. Mrs. Bacon was a registered nurse, having received her degree prior to the marriage. Mr. Bacon is retired after thirty years of service in the CIA.

During the marriage, both parties made monetary and non-monetary contributions to the well-being of the family. Mr. Bacon was the primary wage earner although Mrs. Bacon did occasional work outside of the home. Mrs. Bacon was the primary homekeeper although Mr. Bacon did some maintenance, repairs, and improvements, as did Mrs. Bacon, and he occasionally helped with household chores and the care of the children. Prior to their separation, the parties had contemplated retiring after Mr. Bacon completed thirty years of service.

Mrs. Bacon, who continued to reside in the marital home, contended that her monthly needs and expenses exceeded her income by $560.84 per month and that Mr. Bacon, who rents a room, had income that exceeded his expenses.

On December 4, 1982, Mr. Bacon left the marital home and filed a bill of complaint for divorce on June 11, 1984. He previously told his wife in September, 1982, that he intended to leave her and get a divorce.

Mr. Bacon testified that in October, 1982, and again in November, 1982, his wife told him she wanted him out of the house. He stated that the marriage had been a disastrous inter-personal relationship for the last eighteen years, characterized by hostility and dissension in the home. He testified that their sexual relations had been nonexistent for several years and that, during that time, his wife had locked him out of the bedroom. However, a matter of days after the first incident, Mrs. Bacon no longer locked her door, but Mr. Bacon continued to maintain a separate bedroom until the separation. There was no verbal abuse nor physical violence by Mrs. Bacon against Mr. Bacon although she threatened numerous times to leave him or to divorce him; however, in the year prior to the separation she had made only one such threat. Mr. Bacon believed the separation was for their mutual benefit. He had no witnesses to corroborate his reasons for leaving the marriage.

Mrs. Bacon's evidence consisted of her own testimony and that of her son, Francis. He supported his mother's contention that she had done a good job of rearing the four children. He testified that his father told him at Thanksgiving in 1982 that he planned to leave the home and that he did so on December 4, 1982, giving as the reason for leaving: "to reconcile the differences between the family." Francis corroborated his mother's testimony that her bedroom door was always open. He described his mother as a "very loving, thoughtful woman," and his father as a person who spent a lot of time alone in their house. He never heard his mother mention a divorce. Mrs. Bacon denied ever asking her husband to leave or locking him out of her bedroom or refusing any request for sexual intercourse. She testified that his drinking became intolerable in recent years and, while she did not want the situation to continue, she never asked her husband to leave or asked for a divorce.

The court granted Mrs. Bacon a divorce on the ground of a one year separation but denied her a divorce on the ground of desertion, stating: "The standard of proof being by clear and convincing evidence, the court does not find such clear and convincing evidence of desertion in this case." The court also denied Mrs. Bacon's request for permanent spousal support.

## II.

We first turn to the issue concerning the burden of proof, or, more accurately, the burden of persuasion,[1] one must meet to prove desertion. We find no case in which the Supreme Court of Virginia has clearly established what standard must be met to prove desertion. There are many cases in which the court has discussed the sufficiency of the evidence, but it has rarely spoken in terms of the burden of proof except with reference to the "burden of producing evidence." In almost every case, the court has described the standard as "full, clear and adequate evidence." *Brooks v. Brooks*, 200 Va. 530, 534, 106 S.E.2d 611, 615 (1959); *De Mott v. De Mott*, 198 Va. 22, 25, 92 S.E.2d 342, 344 (1956); *Westfall v. Westfall*, 196 Va. 97, 102, 82 S.E.2d 487, 490 (1954); *Hampton v. Hampton*, 87 Va. 148, 150, 12 S.E. 340, 341(1890). The court has also used the language "full and satisfactory evidence." *Owens v. Owens*, 197 Va. 681, 684, 90 S.E.2d 776, 778 (1956); *Raiford v. Raiford*, 193 Va. 221, 235, 68 S.E.2d 888, 897 (1952); *Phipps v. Phipps*, 167 Va. 190, 192, 188 S.E. 168, 169 (1936). Other cases, in referring to the standard of review on appeal, have used the language "substantial, competent and credible evidence." *Clark v. Clark*, 217 Va. 924, 927, 234 S.E.2d 266, 268 (1977); *Martin v. Martin*, 202 Va. 769, 773, 120 S.E.2d 471, 474 (1961); *Ford v. Ford*, 200 Va. 674, 679, 107 S.E.2d 397, 401 (1959); *Canavos v. Canavos*, 200 Va. 861, 868, 108 S.E.2d 359, 364 (1959).

In *Nash v. Nash*, 200 Va. 890, 108 S.E.2d 350 (1959), the Supreme Court stated:

> On the testimony in deposition form, the decree is presumed to be correct and should not be disturbed for lack of proof if the controlling factual conclusions reached are sustained by a fair preponderance of the evidence.

*Id.* at 898-99, 108 S.E.2d at 356 (quoting *Klingstein v. Eagle*, 193 Va. 350, 353, 68 S.E.2d 547, 549 (1952)). In *Nash*, the court

---

[1] *See* C. Friend, The Law of Evidence in Virginia § 78 (2d ed. 1983). "The phrase 'burden of proof' actually refers to two entirely distinct aspects of the trial, which are often more accurately referred to as the 'burden of producing evidence' and the 'burden of persuasion.' " *See also id.* §§ 79-80. For simplicity, we will refer to the standard as "burden of proof" throughout this opinion.

upheld a finding by the trial court of willful, voluntary, and unjustified desertion, but *Nash* was primarily concerned with whether there was sufficient evidence to sustain a finding of desertion on appeal. The Supreme Court did not actually set forth the burden of proof standard applicable in desertion cases.

In contrast to desertion cases, the burden of proof in adultery cases is clear: adultery must be proved by "clear and convincing" evidence. *See, e.g., Coe v. Coe,* 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983); *Dooley v. Dooley,* 222 Va. 240, 246, 278 S.E.2d 865, 868 (1981) (quoting *Haskins v. Haskins,* 188 Va. 525, 530-31, 50 S.E.2d 437, 439 (1948)).

Generally, the greater the alleged conduct deviates from that normally expected, the greater the burden of proof that will be required to prove that conduct. *See* Friend, *supra,* § 86. For example, clear and convincing evidence is required in most instances to prove fraud in civil cases and proof beyond a reasonable doubt is required to support a criminal conviction. Accordingly, in *Haskins,* the Supreme Court stated that the charge of adultery is one of a criminal offense, requiring a presumption of innocence, only to be overcome "at least by clear and positive and convincing evidence." *Haskins,* 188 Va. at 530-31, 50 S.E.2d at 439. However, desertion is not a crime and does not necessarily impute any immoral or malicious conduct. Thus, there is no comparable reason, as in adultery cases, for requiring such a high burden of proof.

Even though many equity actions traditionally require proof by clear and convincing evidence, there are exceptions. *See* Friend, *supra,* § 86. If the clear and convincing evidence standard were routinely applied in divorce cases, the Supreme Court would not have needed to rely on the criminal case analogy to justify such a standard for proving adultery in *Haskins.* Furthermore, the Supreme Court relied upon two equity actions in which the standard applied was proof by a preponderance of the evidence in justifying its desertion decision in *Nash. Klingstein v. Eagle,* 193 Va. 350, 68 S.E.2d 547 (1952) (a breach of contract action applying the preponderance of the evidence standard in determining whether a partnership existed); *Ashby v. Dumouchelle,* 185 Va. 724, 40 S.E.2d 493 (1946) (a suit seeking specific performance in a breach of contract for the sale of land).

We conclude that neither precedent nor the reasons for requiring an unusually high burden of proof standard exists in cases of desertion. The burden of proving desertion should be by a preponderance of the evidence. Therefore, we hold that the trial court erred in applying a "clear and convincing" standard in this case.

## III.

Because a divorce was granted to her upon the ground of a one year separation, the court's ruling with regard to proof of desertion possibly prejudiced Mrs. Bacon only insofar as it affected her right to spousal support and the equitable distribution awards. Fault in the breakup of a marriage, or the lack thereof, is a factor that the trial court must consider in making an equitable distribution award and may affect a spousal support award. *See* Code §§ 20-107.1, 20-107.3.

Mrs. Bacon asserts that the trial court's equitable distribution award was inadequate as a matter of law because the court failed to award her any part of her husband's pension and such failure constituted an abuse of discretion. We need not decide that issue because the award must be set aside and reconsidered after a redetermination of the fault issue. The trial court, in considering the factors set forth in Code § 20-107.3(E), stated that Mrs. Bacon had not proven that her husband was at fault in the breakup of the marriage. It expressly referred to its finding that Mrs. Bacon had not proven "with reasonable certainty" that her husband had deserted her. Because that ruling was erroneous, the equitable distribution award must be reconsidered after the trial court applies the preponderance of the evidence standard to the proof that Mr. Bacon deserted the marriage. Furthermore, Code § 20-107.3(E)(5) does not confine the circumstances surrounding the breakup of the marriage only to fault that is the specific ground of a divorce. That section states that a court, in making an award, may consider "[t]he circumstances and factors which contributed to the dissolution of the marriage, *specifically* including any ground for divorce under the provisions of § 20-91(1), (3) or (6) or § 20-95." (emphasis added).

Mrs. Bacon also contends that the trial court erred in not awarding spousal support, or at least having provided in the final decree an express reservation to fix and modify support in the fu-

ture in the event that her circumstances changed and she was unable to support herself. The power exists for the court to make such a reservation. *Losyk v. Losyk*, 212 Va. 220, 222-23, 183 S.E.2d 135, 137 (1971). We know of no good reason for a court to refuse to include such a reservation if requested and we believe that it is consistent with the purpose of the law to include it. Therefore, we hold that where there is no bar to the right of spousal support, it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances. *D'Auria v. D'Auria*, 1 Va. App. 455, 462, 340 S.E.2d 164, 168 (1986) (citing *Gagliano v. Gagliano*, 215 Va. 447, 452, 211 S.E.2d 62, 66 (1975)); Code § 20-109.

Since there was no finding of fault on Mrs. Bacon's part which would have allowed the trial court to have awarded Mr. Bacon a decree of divorce, there was no bar to Mrs. Bacon's right to receive spousal support. Code § 20-107.1. Therefore, Mrs. Bacon was entitled to an award of spousal support to the extent the factors in Code § 20-107.1 supported such an award or a reservation of the right to receive spousal support in the future if her circumstances changed.

Even though the trial court acted within its discretion in awarding Mrs. Bacon a divorce based on the parties living separate and apart for one year without cohabitation or interruption, *Robertson v. Robertson*, 215 Va. 425, 426-27, 211 S.E.2d 41, 43 (1975); Code § 20-91(9)(a), the spousal support issue must be reconsidered after applying the preponderance of the evidence standard to the desertion issue, since the desertion issue affects the equitable distribution award, and the equitable distribution award, in turn, affects the amount of spousal support. *See* Code §§ 20-107.1(8), 20-107.3(E)(5).

The judgment, therefore, is reversed and remanded.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.