## CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph Edgar Glaze

v.

Sally Elizabeth White Glaze

August 31, 1998

Case No. HJ-1323-4

BY JUDGE RANDALL G. JOHNSON

In this divorce suit, the plaintiff-husband claims that his wife has committed adultery with another woman. It is before the court on the husband's request for *pendente lite* custody of the parties' four minor children, child support, exclusive use of the marital abode, and attorney's fees and costs. The wife objects to the court's considering any of the husband's requests because, according to her, a married woman cannot commit adultery by engaging in sexual relations with another woman, and since adultery is the only ground for divorce stated in the bill of compliant, no *pendente lite* relief should be granted. The court agrees.

When adultery is claimed as a ground for divorce, the Supreme Court has said:

> A charge of adultery is one of a criminal offense and especially and uniquely damaging to the reputation of the party charged. The general and widely recognized presumption of innocence must be indulged against it, and, while it is not required to be proved beyond a reasonable doubt, as in a criminal proceeding, the evidence must be at least clear and positive and convincing.

*Haskins v. Haskins*, 188 Va. 525, 530-531, 50 S.E.2d 437 (1948) (*quoting Nelson on Divorce and Annulment*, vol. 1, 2d ed., sec. 5.10, p. 183). *See also Holt v. Holt*, 174 Va. 120, 123, 5 S.E.2d 504 (1939) ("As the offense here

[adultery] is an unnatural one and involves the commission of a crime ... ."); *Bacon v. Bacon*, 3 Va. App. 484, 489, 351 S.E.2d 37 (1986) ("[T]he charge of adultery is one of a criminal offense ... .").

The only definition of adultery in Virginia's criminal laws is the one in Va. Code § 18.2-365. It must be that definition, then, to which the Court is referring in the cases cited above:

> Any person, being married, who voluntarily shall have sexual intercourse with any person not his or her spouse shall be guilty of adultery, punishable as a Class 4 misdemeanor.

Accordingly, in order for a person to be guilty of adultery, sexual intercourse must occur. Sexual intercourse cannot occur between two women.

Persons of the same sex can engage in sexual relations. Fellatio, cunnilingus, anal intercourse are examples. *Sexual* intercourse, however, can only take place between persons of the opposite sex:

> Rape is defined as sexual intercourse with a female by force and against her will. *Evidence must establish that there has been an actual penetration of the male sexual organ into the female sexual organ in order to prove that intercourse occurred.*

*Spencer v. Commonwealth*, 238 Va. 275, 276, 384 S.E.2d 775 (1989). *See also Lawson v. Commonwealth*, 13 Va. App. 109, 115, 409 S.E.2d 466 (1991) ("Two acts of sexual intercourse and one act of 'oral sex' was proved ... ."), thus making it clear that sexual intercourse is something different from other sexual acts.

Because the defendant-wife cannot engage in adultery with another woman, and because adultery is the only ground for divorce set out in the bill of complaint, any *pendente lite* relief ordered by the court would be short-lived since the bill of complaint is currently demurrable. No such relief will be granted.

(The court notes that Va. Code § 20-91(A)(1), which makes adultery a ground for divorce, also makes sodomy committed outside the marriage a ground for divorce. Although it might be assumed that what the husband really means to allege is sodomy, the court can only deal with the case as actually pleaded.)