## CIRCUIT COURT OF THE CITY OF RICHMOND

Margaret E. Whitaker

v.

Paul J. Whitaker

December 23, 1998

Case No. HI-549-4

BY JUDGE RANDALL G. JOHNSON

This divorce action is before the court on Ms. Whitaker's motion for an award of equitable distribution of Mr. Whitaker's military pension, spousal support, and attorney's fees. A hearing was held on December 15.

The parties were married in 1978 while they were both in the army. By mutual agreement, Ms. Whitaker left military service to raise their two children, who are now 20 and 17 years of age. Mr. Whitaker remained in the military until his retirement after 22 years of service in 1996. The parties separated in 1994.

During their marriage, Mr. Whitaker had a variety of assignments, both in this country and abroad. For most of that time, Ms. Whitaker did not work outside the home. In fact, it was not until 1989, when the parties moved to Richmond upon Mr. Whitaker's assignment to Ft. Lee near Petersburg, that Ms. Whitaker started what can be considered permanent employment. That employment was with Circuit City.

From the parties' testimony, which was the only testimony presented at the hearing, their marriage appears to have been a fairly happy one while it lasted. As with any military marriage, there were long periods of separation during which Ms. Whitaker was totally responsible for raising the children. Still, the court finds that both parties carried out their marital responsibilities to each other and to the family equally and appropriately. The court also finds that even though Mr. Whitaker was the primary breadwinner for the family, Ms. Whitaker's nonmonetary contributions were equal to Mr. Whitaker's monetary ones. The court also finds that in today's world, theirs was not a particularly

short marriage and that the marriage's dissolution was no more the fault of one party than it was of the other's. Each party is entitled to share in the assets of the marriage.

With regard to their present situations, Mr. Whitaker is currently employed with the U. S. Postal Service. He is 42 years old and in good health. He has a high school diploma. He has a comfortable income, a combination of his salary and his pension, and has normal bills. In addition to the minor child of this marriage, he has another minor child whom he supports.

Ms. Whitaker is also 42 years old and has a high school diploma. She is not currently employed, having lost her job at Circuit City for missing too much time. This, according to her, was due to depression after her mother's death and other health problems, including carpal tunnel syndrome. No medical testimony, however, was presented on her behalf.

Based on all of the above as well as other factors still to be discussed, the court makes the following rulings.

## 1. *Equitable Distribution*

The only item of marital property which the parties ask to be equitably distributed is Mr. Whitaker's military pension, which is in the gross amount of $1,388 a month. While there are a number of deductions taken each month, such as child support and payment of a garnishment, those deductions, with one exception, are properly chargeable against Mr. Whitaker only. They cannot be used to reduce the amount of the pension available for distribution to Ms. Whitaker. The only exception is a deduction in the amount of $90.27 a month for a "survivor benefit program fee." According to counsel, that fee guarantees payment of the monthly pension to a spouse after Mr. Whitaker's death. If such payment is guaranteed to Ms. Whitaker, it is properly deducted from the gross pension amount before equitable distribution. If it does not guarantee survivor payments to Ms. Whitaker, it is not properly deducted. Counsel are directed to determine what the true situation is.

The court also finds that the amount of pension available for distribution must be adjusted to reflect the portion of the pension that was earned while the parties were married and living together, that is, the portion of the pension that is marital property. That will be done by applying to the monthly pension amount a fraction representing the part of Mr. Whitaker's military service during which the parties were married and living together. Specifically, the court finds that the pension is for Mr. Whitaker's service from September 1974 to September 1996, a period of 22 years. The parties were married and living together from July 1978 to December 1994, a period of approximately 16 and

a half years. This means that of the total pension, 16.5/22 of it is marital property subject to distribution by the court. The amount of the pension subject to equitable distribution, then, is 16.5/22 times $1,388 ($1,041) or 16.5/22 times $1,297.73 ($973), depending on whether the survivor benefit program fee guarantees survivor payments to this spouse as discussed in the preceding paragraph.

The court has carefully considered all of the factors set out in Va. Code § 20-107.3(E). Based on those factors, the court holds that Ms. Whitaker is entitled to share equally in that part of Mr. Whitaker's pension earned during the marriage. Accordingly, she will be awarded 50% of the monthly pension amount subject to equitable distribution. Thus, if the survivor benefit program fee guarantees survivor payments to Ms. Whitaker, she is entitled to receive $486 per month as her equitable share of Mr. Whitaker's military pension. If the survivor benefit program fee does not guarantee survivor payments to Ms. Whitaker, she is entitled to $520 per month.

Finally, at least with regard to equitable distribution, Ms. Whitaker asks the court to require Mr. Whitaker to designate her as the irrevocable beneficiary of the pension plan. This is permissible under Va. Code § 20-107.3(G)(2), but only "[t]o the extent permitted by federal or other applicable law." The court holds that Ms. Whitaker is entitled to be named as the irrevocable beneficiary of the portion of Mr. Whitaker's pension awarded to her in this action, and counsel are directed to determine whether that can be done under federal law. If it cannot be done, the court will entertain counsel's suggestions as to how the court's holding in this regard can be achieved through other means.

## 2. *Spousal Support*

Ms. Whitaker also seeks an award of spousal support. In addition to the findings already set out, the court finds that Mr. Whitaker now earns $13.51 per hour from his job with the Postal Service and that he works an average of 40 hours per week. His gross monthly wages, then, are $2,342 ($13.51 x 40 x 52 ÷ 12), which is slightly more than the amount shown on his income and expense statement, that amount apparently having been calculated on a 36-hour workweek. As already noted, Mr. Whitaker also receives a gross monthly pension of $1,388. His total gross income, then, is $3,730 a month. His net monthly income, however, as determined from Plaintiff's Exhibit 1 and Defendant's Exhibit 2, is approximately $2,700. Of that amount, the court has just awarded $486 or $520 to Ms. Whitaker as her equitable share of the pension. In addition, Mr. Whitaker also pays $374 a month in child support for

the minor child of these parties and $130 in monthly child support for another minor child. This leaves $1,710 or $1,676 for payment of his other monthly expenses. Those expenses include such things as $350 a month for rent, $250 a month for food, $150 a month for telephone and electricity, $227 to pay off a judgment, and so on. In all, his monthly expenses, not including Ms. Whitaker's share of his pension and child support payments, are approximately $1,567, all of which the court finds to be reasonable. This leaves him with a surplus of less than $150 a month if no unexpected expenses occur.

Ms. Whitaker is not currently employed. She lists monthly income of $475 but was unable to explain, at least to the court's satisfaction, where that income comes from. The court is also suspicious of her testimony concerning whether she derives income from her current boyfriend's business. Specifically, the evidence is that she and her boyfriend live together, her boyfriend is in business for himself, and that from August to October 1998 more than $5,000 was deposited into her checking account, most, if not all, by her boyfriend. She last worked at Circuit City in 1997 but, as previously noted, was terminated for excessive absenteeism. While she now says that she is physically unable to work because of depression and other health problems, she presented no medical testimony to corroborate that claim. In fact, the court finds that she has not made, and is not making, any reasonable effort to find a job. In light of the $480 or $520 per month she will now be receiving from Mr. Whitaker's pension, the $374 a month she receives in child support for the parties' minor child, the fact that she is only 42 years old and is not making any reasonable effort to find employment, the court's dissatisfaction with her explanation of her income and bank deposits, and less than $150 a month in "excess" net monthly income for Mr. Whitaker, no spousal support will be awarded to Ms. Whitaker at this time. The court makes no ruling on either party's ability to seek spousal support in the future. *See, e.g., Bacon v. Bacon,* 3 Va. App. 484, 490-91, 351 S.E.2d 37 (1986).

### 3. *Attorney's Fees*

Finally, Ms. Whitaker seeks an award of attorney's fees and costs. Such an award is always left to the sound discretion of the court. *See, e.g., Ingram v. Ingram,* 217 Va. 27, 29, 225 S.E.2d 362 (1976); *Alphin v. Alphin,* 15 Va. App. 395, 406, 424 S.E.2d 572 (1992). For the same reasons given with regard to Ms. Whitaker's request for spousal support, her request for attorney's fees is also denied. Simply put, the court is not satisfied that she is doing everything she can to help herself. Her husband will not be required to help her pay her lawyer.

Counsel are directed to consult with their clients and with each other to ascertain the answer to the court's questions regarding Ms. Whitaker's survivor rights to Mr. Whitaker's pension, that is, whether the survivor program benefit fee guarantees survivor payments to Ms. Whitaker and whether federal law allows Mr. Whitaker to designate Ms. Whitaker as irrevocable beneficiary of the survivor benefit. Once that is done, counsel should take all other steps necessary to present a sketch of a final decree of divorce, which will include the findings contained in this opinion, for entry. If counsel are unable to agree on a sketch, they should each present a sketch. An agreed-upon sketch or counsel's respective sketches must be submitted by January 15, 1999, unless it is determined that Ms. Whitaker cannot be designated as irrevocable beneficiary of the pension and the parties cannot agree on a different resolution. In that event, a hearing must be set to take place no later than January 31.