COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SEBERT FRANKLIN SKEENS
                                    MEMORANDUM OPINION*
v.    Record No. 1035-00-2              PER CURIAM
                                      OCTOBER 3, 2000
JOYCE ANN TOLER SKEENS


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                    W. Park Lemmond, Jr., Judge

            (Jacqueline Waymack; Butterworth & Waymack,
            on brief), for appellant.

            (Edward A. Robbins, Jr.; Timothy H. Louk; The
            Robbins Law Firm, P.C., on brief), for
            appellee.


    Sebert Franklin Skeens (husband) appeals the decision of the

circuit court granting a divorce and equitably distributing the

parties' marital estate.  He contends the trial court erred by (1)

granting Joyce Ann Toler Skeens (wife) a divorce based on his

fault; (2) dividing the marital property unequally between the

parties; (3) permitting wife to satisfy the monetary lump sum

award with the transfer of personal property; (4) designating wife

as the irrevocable beneficiary of his military Survivor Benefit

Plan; and (5) accepting the commissioner in chancery's decision on

the value of the marital property.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the prevailing party below, granting to her all reasonable inferences therefrom. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). On May 14, 1997 and December 9, 1997, the commissioner in chancery conducted ore tenus hearings. He filed his report with the trial court on August 21, 1998, to which the parties excepted. The trial court entered the final decree on April 11, 2000.

Husband and wife were married in 1958 in West Virginia. The trial court found that husband "wilfully abandoned and deserted" wife. After having "carefully considered the evidence presented by the parties and the Commissioner's Report," the trial court ordered and decreed that wife would receive all personal property then in her possession, which had a value of $67,802.05. The trial court also decreed that wife would receive sole ownership and possession of the marital home valued at $54,000, the "Lake Gaston" property valued at $14,500, and the "Port Charlotte" property valued at $9,200.

The trial court ordered and decreed that husband would receive all personal property then in his possession, which had a value of $29,722.81, and sole ownership and possession of the property adjacent to the marital home valued at $10,100.

-

Additionally, the trial court required wife to pay husband $43,573.38. The trial court ruled that wife may satisfy the monetary award in favor of husband by conveying an equivalent amount of her interests in real and tangible personal property to him. Furthermore, the trial court deemed wife to be an irrevocable beneficiary of husband's Survivor's Benefit Plan (SBP) and ordered husband "to execute all documents necessary to maintain [wife's] designation as a former spouse" and "to do nothing to reduce or eliminate that benefit to the" wife.

## DISCUSSION

> [A] commissioner's report is deemed to be prima facie correct. [A] commissioner has the authority to resolve conflicts in the evidence and to make factual findings. When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted). A decree which approves a commissioner's report will be affirmed unless plainly wrong. See Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).

## Desertion

"Desertion occurs when one spouse breaks off marital cohabitation with the intent to remain apart permanently without the consent or against the will of the other spouse." Barnes v.

-

Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993).
Desertion must be proven by a preponderance of the evidence.
See Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41
(1986). "It is well established that 'where dual or multiple
grounds for divorce exist, the trial judge can use his sound
discretion to select the grounds upon which he will grant the
divorce.'" Williams v. Williams, 14 Va. App. 217, 220, 415
S.E.2d 252, 253 (1992) (citation omitted).

From 1971 until 1988, husband determined "more or less" the
marriage was over. During that time, husband slept "on the
couch." He testified that he "left [wife on] April 22, [19]88."
After moving out of the marital home in 1988, husband began
"liv[ing] in a school bus" he and his son used for hunting.
Wife denied asking or forcing husband to leave the marital home.

Evidence supported the ground on which the trial court
granted the divorce. Therefore, we find no abuse of discretion
in the trial court's decision to award wife a divorce on the
ground of desertion.

## Unequal Division of Assets

"Fashioning an equitable distribution award lies within the
sound discretion of the trial judge and that award will not be
set aside unless it is plainly wrong or without evidence to
support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732,
396 S.E.2d 675, 678 (1990). Moreover, we will not reverse an
award, "unless it appears from the record that the [trial court]

-

. . . has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the finding of fact underlying resolution of the conflict in the equities." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal distribution of assets. See Papuchis v. Papuchis, 2 Va. App. 130, 132-33, 341 S.E.2d 829, 830-31 (1986).

In fashioning an award, the trial court is required to consider the statutory factors set forth in Code § 20-107.3(E). See Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). Code § 20-107.3(E)(1) requires the court to consider the "monetary and nonmonetary" contributions "of each party to the well-being of the family."

"Based upon the evidence presented," the commissioner found that wife "contributed sixty percent (60%) of the nonmonetary factors . . . to the well-being of the family" and that husband "contributed forty percent (40%)." He based this finding on the fact that "[d]uring five of the thirty-five years of the marriage, [husband] was on overseas tour of duty with the U.S. Army; and the [wife,] of necessity, had to perform all of the non-monetary family contributions." The commissioner also found that, because both parties "worked throughout the marriage" and had "approximately equal" salaries, "each [party] contributed fifty percent (50%) of the monetary contributions." By adding

-

each party's respective percentages of nonmonetary and monetary contributions and dividing by two, the commissioner arrived at and recommended wife receive a fifty-five percent share of the marital assets. Because the trial court's distribution of assets was based upon the statutory factors and was supported by the evidence, we find no abuse of discretion.

### Property Transfer to Satisfy a Lump-Sum Award

"The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court." Code § 20-107.3(D). The trial court expressly allowed wife to convey an equivalent amount of real and tangible personal property to husband in satisfaction of husband's monetary award.

Husband's arguments criticizing the relative values of wife's personal property have no bearing on the trial court's statutory authority to allow a party to satisfy an award by conveying property. See id. In exercising its authority, the trial court did not abuse its discretion or commit reversible error.

### Survivor Benefit Plan (SBP)

Husband contends the trial court erred in designating wife as the irrevocable beneficiary of the SBP plan and allocating the monthly cost of the plan to husband "where neither the commissioner nor the judge specifically ruled on the issue."

-

On page 17 of his report, the commissioner addressed the SBP. According to the commissioner, although husband "testified that it is his understanding that after the divorce is granted, he cannot cancel this coverage," the commissioner

> determined from reviewing information
> received from counsel . . . and from
> speaking to Army Retirement Services, the
> survivor benefits will be terminated once
> the Department of the Army has received the
> divorce decree <u>unless</u> (1) the [husband] is
> ordered by this Court to provide SBP
> coverage for [wife] or (2) the [husband]
> voluntarily elects such coverage within a
> year of entry of the final divorce decree.

In the final decree, the trial court decreed wife to be "deemed as the irrevocable beneficiary of the Survivor's Benefit Plan (SBP)" and ordered husband "to designate [wife] as a former spouse for said purposes, to timely execute all documents necessary to maintain [wife's] designation []as a former spouse for such purposes, and to do nothing to reduce or eliminate that benefit to [wife]."

"[T]he court may order a party to designate a spouse or a former spouse as irrevocable beneficiary . . . of all or a portion of any survivor benefit or annuity plan of whatsoever nature." Code § 20-107.3(G)(2). Also, "[t]he court, in its discretion, shall determine as between the parties, who shall bear the costs of maintaining such plan." <u>Id.</u>

As explained above, the commissioner noted that husband presently pays SBP coverage and that husband represented to him

-

that such coverage could not be canceled by him after the divorce was granted.  Had husband's representation been accurate, wife would have received SBP coverage that husband could not have canceled.  However, after researching the issue and discovering that wife's SBP coverage would be terminated unless some action is taken, the commissioner suggested two options for assuring continued, noncancelable SBP coverage consistent with husband's representation at the hearing.  Those suggested courses of action represent alternative recommendations.  The trial court opted to order husband to provide the coverage rather than rely on his voluntary election to do so.  Therefore, contrary to husband's assertion, the record demonstrates that the commissioner addressed the issue, made a recommendation and the trial court specifically ruled on it.  Moreover, the trial court had statutory authority to order husband to continue with the plan and to designate wife as the irrevocable beneficiary.  See Code § 20-107.3(G)(2).  Accordingly, the trial court did not abuse its discretion or otherwise err.

## Valuation Date

At the May 14, 1997 ore tenus hearing, the commissioner admitted into evidence wife's Exhibit 5, a chart listing values for real and personal property.  Some items had one valuation, others had dual valuations, one by wife and one by husband, and two items contained no valuation.  The commissioner employed the

-

listed value where only one value was included, and he adopted the higher value where the values differed. The commissioner then asked husband's attorney if she was "in agreement with that, [and] would [she] stipulate that the other values that are shown on here are the agreed values between the parties, and the only thing we need to consider this morning would be the two items [for] which there is no value." Both parties agreed to stipulate, and the commissioner indicated the stipulation in writing on Exhibit 5.

During the hearing, the commissioner asked husband about wife's Exhibit 3, a list of personal property taken by husband containing values for each piece of property. Husband agreed that the figures reflected values as of the date of separation. Husband then contended there was no timely motion to use a valuation date different than the day of the hearing pursuant to Code § 20-107.3(A). The commissioner "assumed," however, the parties "were using the date of separation, because all the [both] of you have presented to me today here have been those dates. I think if we now try to change that and go to the current date, . . . we would have to reevaluate all of the evidence before us."

The following colloquy then took place:

> THE COMMISSIONER: Are you satisfied with the valuations as of the date of separation?
>
> [HUSBAND'S ATTORNEY]: Yes, sir.

-

BY [HUSBAND'S ATTORNEY TO HUSBAND]:

Q:  I guess maybe that's the question.  Are you satisfied with those values?

A:  I accept it.

By stipulating to a valuation date other than the date of the hearing, husband cannot now complain about that date's use by the trial court.  "'No litigant . . . will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.'"  Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)).  Husband, "'having agreed upon the action taken by the trial court, should not [now] be allowed to assume an inconsistent position.'"  Id. at 679, 414 S.E.2d at 615 (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)).  Accordingly, the trial court did not err in valuing the parties' property according to their stipulations.

For the foregoing reasons, the decision of the trial court is summarily affirmed.

Affirmed.

-