COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

PUBLISHED

ROGER G. WYATT

v.        Record No. 0364-19-2

KIMBERLY S. WYATT

OPINION BY
JUDGE WILLIAM G. PETTY
OCTOBER 1, 2019

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Robert L. Isaacs (Robert L. Isaacs, P.C., on briefs), for appellant.

Richard L. Locke (Shannon S. Otto; Locke & Quinn on brief), for appellee.

Roger G. Wyatt (husband) and Kimberly S. Wyatt (wife) each filed complaints for divorce; each alleged desertion or cruelty.  The trial court entered a decree of divorce on the grounds of living separate and apart for a year.  Husband argues on appeal that the trial court erred in granting wife a reservation to seek future spousal support because wife was at fault in the destruction of the marriage.  We disagree and thus affirm.

## I.  BACKGROUND

We view the facts in the light most favorable to the prevailing party below, granting to it the benefit of any reasonable inferences; we review issues of law *de novo*.  Hall v. Commonwealth, 55 Va. App. 451, 453 (2009).

The parties were married in 2001.  Shortly after the death of one of the parties' three children, each party filed for divorce; the cases were consolidated in August 2017.  Each party alleged cruelty and desertion.  The parties later agreed to divorce on the grounds of living separate

and apart.  In making findings regarding the relative fault of the parties in the demise of the

marriage, the trial court found as follows:

> The [c]ourt heard a great deal of evidence that the parties' marriage
> was an unhappy one from very early on.  This culminated in
> December 2016 when the parties' son was diagnosed with terminal
> cancer, and Mrs. Wyatt told Mr. Wyatt, not for the first time, that she
> wanted a divorce.  Mrs. Wyatt notes that problems began two years
> into the parties' marriage.  She cites Mr. Wyatt's controlling and
> manipulative demeanor as a reason for the marriage's dissolution and
> notes that he would say derogatory things to her in private and in the
> presence of others.  This was corroborated by Mrs. Wyatt's witness
> and best friend, Ms. Tiffany Scale, who said that Mr. Wyatt was
> "condescending toward her, making comments about her hearing,
> making fun of her, [making] comments about her weight and also
> about her intellect."  Mr. Wyatt argues that Mrs. Wyatt's excessive
> alcohol consumption was an issue early on in the marriage and a
> reason for the marriage's dissolution.

The trial court expressly incorporated these facts into its analysis of the statutory factors in deciding

spousal support.  See Code § 20-107.3.  The court concluded that, although wife had need for

support, husband had no ability to pay support.  The court reserved the right of each party to seek

spousal support in the future upon change of circumstance.  Husband appeals that decision.

## II.  ANALYSIS

"The trial court has 'broad discretion in setting spousal support and its determination will

not be disturbed except for a clear abuse of discretion." Giraldi v. Giraldi, 64 Va. App. 676, 681

(2015).  "In determining the appropriate amount of spousal support, the trial court must consider

the needs of the requesting party and the other spouse's ability to pay." Alphin v. Alphin, 15

Va. App. 395, 401 (1992).  Code § 20-107.1(E) requires the trial court to consider certain

statutory factors and additionally to "consider the circumstances and factors which contributed to

the dissolution of the marriage, specifically including adultery and any other ground for divorce

[including desertion and cruelty]."  Thus, even where a court grants a divorce based on a

one-year separation, it must still consider any proven fault-based ground in relation to spousal

support. The factors and circumstances are not limited to the legal grounds for divorce, however, but also "encompass[] all behavior that affected the marital relationship, including any acts or conditions which contributed to the marriage's failure, success, or well-being." Barnes v. Barnes, 16 Va. App. 98, 102 (1993).

When a court does not award spousal support, it may "reserve the right of a party to receive support in the future." Code § 20-107.1(D). Moreover, "where there is no bar to the right of spousal support, it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances." Bacon v. Bacon, 3 Va. App. 484, 490-91 (1986).

Here, husband contends that "desertion and cruelty by wife should have barred her right to the reservation [of spousal support]." Prior to 1988, Code § 20-107.1 stated "no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under any provision of § 20-91 (1), (3) or (6) [cruelty or desertion] or of § 20-95." "The 1988 amendment to Code § 20-107.1 removed fault as a bar to spousal support except for adultery, sodomy or buggery committed outside the marriage."[1] Dexter v. Dexter, 7 Va. App. 36, 43 n.4 (1988). Currently, Code § 20-107.1(B) provides that "no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision A(1) of Code § 20-91, [adultery, sodomy

---

[1] We note that Zinkhan v. Zinkhan, 2 Va. App. 200, 205 (1986), cited by husband in his brief, was decided prior to the 1988 amendment. See id. ("It is settled law in this Commonwealth that a party shall not be required to pay permanent spousal support if there exists in such spouse's favor a ground of divorce under Code § 20-91(6) [cruelty or desertion]."). The 1988 amendment overruled that portion of the opinion that held that cruelty and desertion were a complete bar to spousal support.

or buggery]."[2] The record supports wife's argument that none of these grounds for divorce were ever alleged or proven. Thus, there was no statutory bar to spousal support.

In determining how much, if any, spousal support to award, the trial court was required to consider, among other things, "the circumstances and factors which contributed to the dissolution of the marriage." Code § 20-107.1(E). The trial court considered the testimony and evidence produced by the parties concerning each party's behavior toward the other. The trial court made factual findings that recognized the parties' marriage was unhappy from early on. The court found fault with each party, noting evidence of husband's controlling, manipulative, and condescending behavior towards wife and evidence of the impact of wife's excessive alcohol consumption on the marriage. The trial court acknowledged testimony from a non-party witness regarding husband's actions toward wife. The court did not find desertion or cruelty by wife as a factor in the dissolution of the marriage. Although the trial court declined to award spousal support, it was not error for the court to reserve wife's right to seek spousal support in the future pursuant to Code § 20-107.1(D). See Bacon, 3 Va. App. at 490.

Wife requested attorney's fees for this appeal. See Fox v. Fox, 61 Va. App. 185, 207-08 (2012) ("The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment [of attorney's fees]." (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996))). After considering the record and arguments in this case we grant wife's request.

---

[2] Even then, the bar is not absolute as "the court may make [a spousal support] award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice . . . ." Code § 20-107.1(B).

## III.  CONCLUSION

The trial court considered the evidence of each party's fault in the demise of the marriage. Finding no error in the trial court's reservation of spousal support for wife, we affirm.  The matter is remanded to the trial court for an award of attorney's fees to wife incurred in this appeal, which should also include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>