# Richmond

## FRANCIS B. PLATTNER v. MARGARET J. PLATTNER.

November 28, 1960.

Record No. 5140.

Present, All the Justices.

The opinion states the case.

*Thomas Moncure*, for the appellant.

*Lytton H. Gibson* (*Gibson, Hix, Millsap and Hansbarger*, on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

This is a divorce case in which Francis B. Plattner, the husband, appeals from a final decree of the Circuit Court of Fairfax County, entered on June 25, 1959, wherein he was defendant and cross-complainant, and his wife, Margaret J. Plattner, was complainant and cross-defendant.

Mrs. Plattner instituted the suit by filing a bill on January 15, 1957, praying for a divorce *a mensa et thoro;* temporary and permanent support for herself and the adopted infant child of the parties, Ann Marie Plattner, then five years of age; custody of the said child, and for other relief.

The ground relied upon by Mrs. Plattner was constructive desertion and abandonment commencing on the 15th day of December, 1956. The specific incident cited by her was an alleged throwing of a skillet of hot scrambled eggs upon her by appellant. Mrs. Plattner obtained in an *ex parte* proceeding an order restraining her husband from annoying her.

The husband filed his answer denying the allegation of constructive desertion.

Following a preliminary hearing on February 8, 1957, the court dissolved the restraining order and after a hearing on February 15, 1957, entered an order granting temporary custody of the child to the wife with visitation privileges on the part of the husband, fixing temporary support for the wife and child.

Thereafter, on April 10, 1957, the husband filed his cross-bill containing two counts. The first count sought an annulment of the marriage, alleging that the wife had procured her marriage to the husband by fraud; the second count sought a divorce *a mensa et thoro*, alleging that the wife deserted the husband on or about February 1, 1957.

The wife demurred to the first count of the cross-bill and answered the second count. The demurrer, together with cross-petitions in regard to modification of the husband's visitation privileges, was heard on July 12, 1957, after which the court overruled the demurrer and modified the visitation privileges.

The wife then answered the first count of the cross-bill and subsequently, the cause having matured, the court, at the instance of the husband, on November 15, 1957, referred the same to a commissioner.

The commissioner rendered his report on July 17, 1958, in which he recommended to the court that the wife be not granted a divorce from her husband on the ground of constructive desertion; that the husband be awarded a divorce *a vinculo matrimonii* on the ground of wilful desertion and abandonment; that custody of the chld be continued with the wife, with visitation, privileges on the part of the husband, and that the husband be required to support both the wife and the child.

Both parties filed exceptions to the commissioner's report; the husband's primary objection, as stated in his brief, being to the recommendation of the commissioner that he pay his wife alimony.

Considerable time elapsed before the chancellor completed his review of the voluminous testimony in the case, consisting of some 1400 typewritten pages. The matter came on for hearing on exceptions to the commissioner's report on March 27, 1959. At the conclusion of the hearing and argument of counsel the chancellor announced his decision that neither party was entitled to a divorce. He fixed support for the wife and child, and left open, for counsel to attempt to resolve, visitation and other items, of lesser importance. Counsel being unable to resolve visitation and other matters, the court, on June 22, 1959, conferred with counsel and the parties for the purpose of preparing a final decree.

The final decree was entered on June 25, 1959, carrying into effect the court's decision that neither party was entitled to a divorce; granting the custody of the child to the wife with visitation privileges on the part of the husband; and fixing support money for the wife and child. From this decree the husband appealed.

· The first assignment of error relied upon by the husband is that the court erred in denying him an absolute divorce based on desertion and abandonment on the part of the wife from on or about February 1, 1957, charging that the same was contrary to the commissioner's report which should have been confirmed, and was contrary to the law and the evidence.

The remaining assignment is directed to the decree of the court in awarding separate maintenance to the wife, asserting that the same was contrary to the law and the evidence.

Dealing with the first assignment wherein it is contended that the court erred in not accepting the commissioner's report, it is said in *Raiford* v. *Raiford*, 193 Va. 221, 229, 68 S. E. 2d 888, 893:

"A chancellor does not delegate his judicial functions to a Commissioner in Chancery when he refers a cause to him."

The decision of the case devolves upon the chancellor and not upon the commissioner. Commissioners are appointed to assist the chancellor and to relieve him in a large measure of duties incidental to the progress and determination of the cause. From the very necessity of their appointment and the nature of their office, their work is subject to the review of the court. The court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence. Commissioners are appointed to assist the court, not to supplant it. Section 8-250, Code of Virginia, 1950; *Shipman* v. *Fletcher*, 91 Va. 473, 476, 22 S. E. 458; *Raiford* v. *Raiford, supra,* 193 Va., at pp. 229, 230, 68 S. E. 2d, at pp. 893, 894; *Hoffecker* v. *Hoffecker*, 200 Va. 119, 124, 104 S. E. 2d 771, 775.

█ The record discloses that Mrs. Plattner filed her suit on January 15, 1957. The husband filed his cross-bill on April 10, 1957, alleging that he had been deserted by his wife on or about February 1, 1957. Thus it is disclosed that the alleged desertion on the part of the wife did not occur until after the filing of her suit and before the merits of same had been determined, and was insufficient in law to show wilful desertion and abandonment.

As said in *Smith* v. *Smith*, 202 Va. 104, 109, 116 S. E. 2d 110, 113: "* * * *(T)he desertion relied on for divorce must be alleged and proved to have occurred prior to the bringing of the suit, not based upon some act or conduct alleged to have taken place during its pendency." *Hudgins* v. *Hudgins,* 181 Va. 81, 87, 23 S. E. 2d 774, 777; *Lee* v. *Lambert,* 200 Va. 799, 802, 108 S. E. 2d 356, 358.

"It seems well settled that the absenting of one spouse from the other after the institution and during the pendency of a suit for a divorce, as here, is not desertion in law and it is not an act upon which a suit for desertion may be predicated. Indeed, in many cases it is highly proper that such physical separation should be, and under many circumstances it is commendable." *Hudgins* v. *Hudgins, supra,* 181 Va., at p. 87, 23 S. E. 2d, at p. 777.

There is no merit in this assignment.

█ The second assignment deals with the court's awarding the wife separate maintenance. It appears that the amount of the allowance is not challenged. The question seems to be whether or not any allowance should have been made under the circumstances.

Section 20-107, Code of Virginia, 1950, provides, *inter alia*:

"Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce * * *, and upon decreeing that neither party is entitled to a divorce, the court may make such further decree as it shall deem expedient concerning * * * the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children, * * *."

The awarding of separate maintenance is largely in the discretion of the chancellor, and a careful reading of the evidence discloses that the court did not err in granting Mrs. Plattner an allowance for separate maintenance in this instance. *Carter* v. *Carter*, 199 Va. 79, 97 S. E. 2d 663; *Lovegrove* v. *Lovegrove*, 128 Va. 449, 452, 104 S. E. 804, 805; 9 Mich. Jur., Husband and Wife, § 21, p. 509.

The evidence in this case was unsavory, unwholesome and conflicting. No good purpose would be served by attempting to recite it. Suffice it to say it shows conduct resulting in hostile personal relations and marital discord. It was for the chancellor to say which of the parties was at fault. We find no error in his ruling.

The appellant shall pay the costs of this appeal and a fee of $250.00 to appellee's attorney for services in this court.

For the reasons stated the decree is

*Affirmed.*