## Richmond

### MARGUERITE E. PAINTER v. CHARLES WILLIAM PAINTER.

January 20, 1975.

Record No. 740072.

Present, All the Justices.

*Thomas W. Murtaugh; George M. Martin (Martin, Riemenschneider & Murtaugh,* on brief), for appellant.

*James H. Chamblin; Thomas W. Nalls (Ottinger, Nalls & Chamblin,* on brief), for appellee.

I'Anson, C.J., delivered the opinion of the court.

Marguerite E. Painter, plaintiff, filed a bill of complaint against Charles W. Painter, defendant, for a divorce on the ground of adultery. Defendant filed an answer denying plaintiff's charge and a cross-bill praying for a divorce on the ground of desertion. After an *ore tenus* hearing, the chancellor held that the evidence was insufficient to sustain the charge of adultery and awarded defendant a divorce *a mensa et thoro* on his cross-bill alleging desertion.

Plaintiff contends that the chancellor erred in holding the

evidence insufficient to establish adultery and in awarding defendant a divorce on the ground of desertion.

The evidence shows that the parties were married in September 1966 and lived together as husband and wife until March 1973. In the fall of 1972, plaintiff suspected that her husband was unfaithful to her. She said her suspicions were aroused when he began to come home late at night and to make telephone calls to another woman. While hiding behind a couch on one occasion, she heard her husband talking to a woman on the telephone in a "very sweet" voice and saying to the woman that he would be out of his "mess" as soon as he could get her (his wife) to sign some property deeds.

Plaintiff also testified that she had discovered white stains on her husband's pants and underwear, lipstick on his shirts, and a card addressed to him which had written on it, "I need you so." One afternoon she saw her husband and Ruth Henry sitting in a car in front of a restaurant and she remonstrated with Mrs. Henry. In December 1972 she hired private investigators to observe her husband and to determine the extent of his relationship with Mrs. Henry.

The two investigators testified that on January 7, 1973, they observed defendant and Mrs. Henry kissing and embracing in her automobile in a shopping center parking lot in Winchester. On a second occasion they followed defendant and Mrs. Henry when they saw them traveling in separate motor vehicles toward Winchester. At Winchester defendant got in Mrs. Henry's car and they drove south on Interstate 81. When the defendant and Mrs. Henry returned several hours later, the investigators saw them kissing in her automobile.

Finally, the investigators testified that on the night of February 22, 1973, at 11:55, they observed defendant's truck parked in Mrs. Henry's driveway. At the time they saw only one dim light in the living room. At 12:20 a.m. a light came on in the bathroom. The light went off at 12:45 a.m. Again at 1:05 a.m. the light came on and stayed on for one minute. At 1:45 a.m. defendant was seen leaving the home.

Both defendant and Mrs. Henry denied having sexual relations or being any more than good friends. They testified that they had met on several occasions because of meetings of their lodge and had driven to one meeting together. Both denied ever meeting in Winchester. They said that the only time defendant

had ever been to her home in the evening was to deliver a load of firewood. On this occasion defendant·stayed long enough for a cup of coffee and left by 10:15 p.m. Defendant said the telephone call he made on the night his wife was hiding behind the couch was to his daughter, whom he called every night.

■ To establish a charge of adultery the evidence must be clear, positive and convincing. Strongly suspicious circumstances are inadequate. Care and circumspection should accompany consideration of the evidence. *Haskins* v. *Haskins,* 188 Va. 525, 530-31, 50 S.E.2d 437, 439 (1948); *Colbert* v. *Colbert,* 162 Va. 393, 400, 174 S.E. 660, 662 (1934).

The evidence adduced in the instant case shows that the conduct of defendant and Mrs. Henry was far from circumspect. Their conduct creates grave suspicion of an intimate relationship. However, even strongly suspicious circumstances are not enough to establish adultery. Thus, we cannot say that the finding of the chancellor, who heard the witnesses and observed their demeanor, that the evidence was insufficient to support the charge of adultery was plainly wrong.

■ Plaintiff says that, even if the evidence did not support her charge of adultery, the trial court erred in granting defendant a divorce on the ground of desertion. Plaintiff argues that because she did not leave the marital abode until after institution of her suit for divorce, she cannot be found guilty of desertion.

The record is in almost hopeless confusion concerning the date of the separation of the parties. Plaintiff alleged in her bill of complaint and testified at trial that the separation occurred March 14, 1973. She also testified that she instituted the suit on March 14, 1973. The record shows, however, that plaintiff's bill was filed March 15, 1973. The trial court awarded defendant a divorce on the ground of desertion occurring on March 14, apparently because plaintiff had alleged and testified that the 14th was the day the parties had separated.

Defendant, however, testified repeatedly that March 16, 1973, was the date the plaintiff left the marital abode. This, of course, was the day after plaintiff filed her bill of complaint.

While the plaintiff was bound by her testimony that the separation occurred on March 14, the day before she filed suit, the defendant was equally bound by his testimony that the

separation did not occur until March 16, the day after the suit was filed. Thus, the evidence was in a state of equipoise with respect to the date of separation.

It was of utmost importance to the proper disposition of the desertion issue that the date plaintiff left defendant be established because one spouse is not guilty of legal desertion in separating from the other after the institution of a suit for divorce or during its pendency. *Plattner* v. *Plattner*, 202 Va. 263, 266, 117 S.E.2d 128, 130 (1960); *Hudgins* v. *Hudgins*, 181 Va. 81, 87-88, 23 S.E.2d 774, 777 (1943).

Defendant, having sought a divorce from plaintiff on the ground of desertion, had the burden of proving that the desertion occurred prior to the filing by plaintiff of her bill of complaint. Because the evidence established only a stand-off with respect to the date of separation, defendant did not carry his burden of proof and was not entitled to a divorce on the ground of desertion.

For the reasons stated, the decree is affirmed in part, reversed in part, and remanded to the court below to fix an appropriate sum for plaintiff's maintenance and support since neither party was entitled to a divorce.

*Affirmed in part; reversed in part; and remanded.*