# Richmond

ARTHUR DAVID ROUSE, JR. v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., ET AL.

September 5, 1975.

Record No. 740616.

Present, All the Justices.

*Augustus Anninos* (*Mark S. Evans; J. Gray Lawrence, Jr.; Howell, Anninos, Daugherty & Brown,* on brief), for plaintiff in error.

*Lawson Worrell, Jr.; Nelson W. Coward* (*Peter C. Manson, Jr.; Williams, Worrell, Kelly & Greer; Pender, Coward, Addison & Morgan,* on briefs), for defendants in error.

COMPTON, J., delivered the opinion of the court.

The plaintiff, Arthur David Rouse, Jr., brought this tort action seeking recovery for personal injuries received when he fell on

premises which were leased to defendant, The Great Atlantic & Pacific Tea Company, Inc. (A & P), and owned by defendants, Dudley Cooper, Trustee for Charles N. Cooper and Joel B. Cooper, United Virginia Bank/Seaboard National, Executor of the Estate of Arthur Cooper, Deceased, and L. P. Cooper, t/a Bayfront Property Account (collectively Bayfront). Defendants Charles N. Cooper and Joel B. Cooper (Coopers) owned property contiguous to the site of the accident. The plaintiff alleged that the defendants were guilty of negligently "placing and maintaining a metal chain at or near the area" where the A & P-Bayfront premises adjoined the Coopers' property.

During the trial before a jury, the court below entered summary judgment in favor of the defendants on the grounds, first, that as a matter of law the evidence failed to establish the breach of any duty owed to the plaintiff by the defendants and, second, that the plaintiff was guilty of contributory negligence as a matter of law. We awarded the plaintiff a writ of error to this judgment.

Our view of the case requires discussion only of the issue whether the plaintiff was guilty of contributory negligence as a matter of law. We hold that he was, and affirm.

The facts are without conflict.[1] On April 3, 1971, shortly before 10:00 p.m., the plaintiff, accompanied by his wife and infant child, drove his automobile to the premises of A & P in Ocean View, a heavily populated beach area of Norfolk. The plaintiff stopped his car on the A & P parking lot, which was adjacent to the store building, for the purpose of viewing and photographing a fireworks display at a nearby amusement park.

At that time, there was no artificial lighting of the lot, or of the immediately surrounding area, except for that which "cast in" from the amusement park 500 yards away. The store had closed for business at 9:00 p.m. and the parking lot lights had been turned off by an automatic timer 15 minutes later.

When the plaintiff arrived, there were 20 to 25 cars parked on the lot. He testified that he lived about two miles from the store and that

---

[1] The plaintiff was prevented from presenting all of his evidence during the trial because the trial judge sustained the motions to strike the evidence and entered summary judgment after only the plaintiff and a medical witness had testified. Although Rule 3:18 allows a party to make a motion for summary judgment "at any time after the parties are at issue," the court in this case should have allowed the plaintiff to complete his case in chief. Any possible error is rendered harmless in this instance, however, because as the result of a stipulation at the Bar of this Court we are able to consider all of the additional evidence which the plaintiff would have offered had he been permitted to complete his case. Such additional evidence is contained in discovery depositions which are a part of the record before us.

in the past the A & P lot had been used by others at night after store hours for parking so that the occupants of the vehicles could "get to the beach, . . . go fishing, [and walk] on the beach at night." The plaintiff parked close to the northern boundary of the A & P lot near an "opening" to the contiguous field to the north owned by the Coopers.

The plaintiff took photographs of the fireworks display from the rear of his parked vehicle. After the display had ended, the "traffic cleared out" of the lot, and the plaintiff then proceeded north through the "opening," marked by two poles, into the field to get closer to the amusement park, in order to take pictures of the "rides." He had never walked through that field before.

The surface of the field was elevated 28 inches above the A & P paved lot and was covered with "brush and grass" growing in the sand. A clearly defined path "where people had walked and worn away the grass" ran north from the "opening" in the direction of the beach and amusement park. The "opening" was clear, but brush, undergrowth, bushes and "greenery" were located along the boundary of the A & P lot and the Coopers' field.

A metal chain, strung eight to nine inches above the level of the A & P lot and overgrown by the brush, ran along this boundary. The chain had been installed at least 12 years before the accident by Bayfront at the request of A & P, to be maintained by A & P, in order "to keep cars, bicycles, et cetera from going across the property." The "opening" had been provided "for pedestrians to walk through."

The plaintiff walked along the path to a point where he took additional photographs. He then started back on the same path until he observed a less clearly defined "branch path," which would have brought him more directly to his car. He testified that he followed the path and as it "went down the hill or terrace [to the A & P lot] you could see a spot in the brush that was broken down where people had walked through there." As he started down the "hill," he "tripped" over the chain and fell. After the fall, from his position on the ground, he saw the chain for the first time "hidden in the brush itself."

We do not agree with the plaintiff's contention that the question of his contributory negligence was a jury issue. We will assume, but not decide, that the plaintiff is correct in his argument that he was a bare licensee on the premises of the defendants, that the defendants owed him the "active duty of protection from a known defect," and that, accordingly, the evidence established a case of primary negligence as to each defendant. Nevertheless, the plaintiff's own evidence discloses,

as a matter of law, that he was negligent, and that such negligence proximately contributed to cause the accident.

The plaintiff advanced at night into an unlighted field, with which he was unfamiliar, from a paved parking lot, a place of relative safety. He proceeded without incident through the field along a well-defined path to a point where he accomplished the purpose of his un-invited visit to the premises. Instead of returning to the lot by the same route which he had just travelled in safety, he elected to take a shortcut into an unknown area of the field. While following this new route, he attempted to wade through the brush and fell over a chain obscured therein. This is not the conduct of an ordinarily prudent person exercising reasonable care for his own safety, and we hold that fair-minded men could not differ as to that conclusion. The plaintiff is, therefore, barred from recovery.

For these reasons, the judgment of the trial court is

*Affirmed.*