COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


DAWN WHITE LEGAT

MEMORANDUM OPINION[*]
v.   Record No. 0697-99-1                    PER CURIAM
AUGUST 10, 1999
DAVID BRUCE LEGAT


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Robert G. O'Hara, Jr., Judge

(John N. Clifford; Robert C. Elliott, II;
Rebecca Eliz. Duffie; Clifford & Duke, P.C.;
The Elliott Law Firm, on briefs), for
appellant.

(Ronald S. Evans; Brenner, Dohnal, Evans &
Yoffy, P.C., on brief), for appellee.


Dawn White Legat (wife) appeals the final decree of divorce

entered by the circuit court granting David Bruce Legat

(husband) a divorce on the ground of adultery. Wife contends on

appeal that the trial court erred by (1) awarding husband a

divorce on the ground of adultery; (2) failing to award wife a

divorce on the ground of cruelty amounting to constructive

desertion; (3) including post-separation adultery as a factor in

its equitable distribution decision; (4) awarding wife only

forty percent of the marital property; and (5) awarding wife

only $2,500 in attorney's fees and costs. Upon reviewing the

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The parties presented evidence to the trial court by deposition as well as by testimony received during a hearing ore tenus.

> Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . .  "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

### Grounds for Divorce

Wife contends that the trial court erred by granting husband a divorce on the ground that she committed post-separation adultery.  We find no reversible error.

"To establish a charge of adultery the evidence must be clear, positive and convincing.  Strongly suspicious circumstances are inadequate."  Painter v. Painter, 215 Va. 418, 420, 211 S.E.2d 37, 38 (1975).  However, "'[w]hile a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond a reasonable doubt.'"

- 2 -

Gamer v. Gamer, 16 Va. App. 335, 339, 429 S.E.2d 618, 622 (1993) (citation omitted).

It was uncontested that wife moved into the home of Steven McGuire, Sr., in October 1996. In his deposition, McGuire admitted that he and wife began to occupy the master bedroom in January 1997, but he refused to say if they became sexually intimate, asserting his right to avoid self-incrimination under the Fifth Amendment of the United States Constitution. Wife admitted that "somewhere in the neighborhood of January, '97" she and McGuire began a "relationship" rather than a "friendship." Wife also asserted her Fifth Amendment right to avoid self-incrimination and refused to answer whether she had a sexual relationship with McGuire. Thus, the evidence established that when wife and McGuire began to share the master bedroom, the nature of their relationship changed from a friendship to something more. The trial court found this evidence sufficient to establish wife's adultery. On review, we cannot say that the trial court's decision was unsupported by sufficient evidence. Therefore, we affirm the trial court's finding.

Wife also contends that the trial court erred by failing to grant her a divorce on the ground of constructive desertion. "The misconduct of an offending spouse which will justify the other in leaving must be so serious that it makes the relationship intolerable or unendurable." McLaughlin v. McLaughlin, 2 Va. App. 463, 467, 346 S.E.2d 535, 537 (1986). There was evidence that the

parties argued throughout the marriage.  Wife admitted that both parties suffered from stress throughout the marriage and that physical confrontations were not the primary problem.  The trial court found that both parties were "diligent and truthful," but that the marriage suffered problems "for perhaps a decade or better."  Based upon the record, we cannot say that the trial court committed reversible error in failing to find husband guilty of constructive desertion.  Moreover, even if there was sufficient evidence to support the granting of a divorce to wife on the ground of cruelty, "[i]t is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'"  Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).

## Equitable Distribution

Wife contends that the trial court erroneously relied upon her alleged post-separation adultery when making its decision as to the equitable distribution of the parties' marital property.  It is not clear from the trial court's remarks when ruling from the bench, nor from the final decree itself, that the trial court considered marital fault when making its equitable distribution decision.  Assuming arguendo that the trial court included marital fault in the factors it weighed, we find no reversible error.

Wife cites Aster v. Gross, 7 Va. App. 1, 371 S.E.2d 833 (1988), in support of her contention that the trial court erred by

- 4 -

considering her post-separation adultery as a factor when making its equitable distribution decision. In Aster, we stated that "circumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant in determining a monetary award, need not be considered." Aster, 7 Va. App. at 6, 371 S.E.2d at 836. However, we have noted that Aster does not bar a trial court from considering the effect of marital fault under other factors set out in Code § 20-107.3.

> If the evidence of misconduct is relevant under any other factor than subparagraph [§ 20-107.3(E)](5), it may in the judge's discretion be considered when making an equitable award. The trial court may "consider the negative impact of [an] affair on the well-being of the family . . . ."

O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527-28, 458 S.E.2d 323, 326 (1995) (quoting Smith v. Smith, 18 Va. App. 427, 431, 444 S.E.2d 269, 273 (1994)). Evidence indicated that wife confided in McGuire about the troubles in her marriage. She told him she would leave her husband if she had a place to go. McGuire himself separated from his wife in July 1996. He then offered wife a room in the house where he was living. McGuire helped wife move some items of marital property out of the marital home while husband slept. Thus, there was evidence that wife's relationship with McGuire impacted on the marriage and even, to some degree, on certain items of marital property. Therefore, even if the trial court considered wife's

- 5 -

post-separation adultery when making its decision as to the distribution of the parties' marital assets, we do not find that the trial court committed reversible error.

The trial court noted that husband made the majority of the monetary contributions to the family while wife made the majority of the nonmonetary contributions. Wife began working outside the home in the later years of the marriage. Although the parties were married for almost twenty years, both were relatively young and in good health at the time of trial.

> In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case. Unless it appears from the record that the [judge] has abused his discretion or has failed to consider or has misapplied one of the statutory factors, his determination will not be reversed on appeal.

Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990) (citations omitted). We cannot say that the trial court abused its discretion in reaching its decision to award wife forty percent of the parties' marital property.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award

- 6 -

of counsel fees is reasonableness under all the circumstances.

See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Husband had greater monthly income, but was also making almost $900 a month in child support payments. Wife's attorney's fees were approximately $10,000. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the trial court's award to wife of $2,500 in attorney's fees was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.