COLEMAN, Judge,
dissenting, in part, and concurring, in part.
I believe the evidence supports the trial judge’s factual finding that Ruth Boyd Hughes committed adultery. In my opinion, the majority substitutes its judgment for that of the trial judge by making different factual findings and in giving greater weight to certain evidence than did the trial judge when deciding what inferences to draw from the evidence. In so doing, the majority disregards a fundamental tenet of appellate review — that in reviewing a trial judge’s decision based on factual findings, we will “not ... set aside [the judgment] unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.” Code § 8.01-680!
Adultery must be proven by clear and convincing evidence. Viewing the evidence and the inferences that a fact finder may draw from that evidence, in my opinion, the evidence clearly and convincingly supports the trial judge’s factual finding that Ruth Hughes committed adultery while cohabiting for more than a year and one-half with Michael Kopeski.
The evidence proved that Ruth Hughes and her two children moved in Michael Kopeski’s home with him in December 1996 and they have lived together continuously from that date through the date of this appeal. Hughes and Kopeski acknowledged that they love one another and plan to marry. Kopeski acknowledged that he is sexually attracted to Ruth Hughes. Neither has dated anyone else during the time they have lived together. They have taken trips together, includ *156 ing a trip for her to meet his parents. They share the household chores and responsibilities. The foregoing evidence is sufficient, in my opinion, to support the finding by the trial judge that Ruth Hughes and Michael Kopeski have cohabited together for years and have committed adultery.
Although the record contains evidence which would support the majority’s contrary factual finding, such as the denial by Hughes and Kopeski that they committed adultery and the fact that Hughes initially had an economic reason for moving in with Kopeski, the trial judge, in the exercise of his exclusive authority, decided not to believe their denials or Hughes’ assertion. Rather, the trial judge drew the reasonable and logical inference that two people who are in love and have cohabited together for years have engaged in sexual intercourse. We, as an appellate court, do not decide which version of facts we find more plausible. Furthermore, were we permitted to do so, I would reject the majority’s reasoning that the evidence did not prove adultery simply because it proved that Hughes initially sought refuge with Kopeski as a battered wife and moved in with him for economic reasons. The majority explains that, in today’s social environment, men and women, like Hughes and Kopeski, live together for various reasons, including economic convenience or necessity. Regardless of the factors that may have initially brought Hughes and Kopeski together, they are now living together and are planning to marry, factors which support the trial judge’s finding of adultery.
I also reject the majority’s effort to distinguish the facts in this case as less compelling to prove adultery than the line of cases, which the majority cites, that hold adultery has been proven where one spouse is shown to have “covertly” met and spent time with a member of the opposite sex at an apartment, hotel or motel, or other location. I agree that in those cases the fact of the “covert” meetings and lack of a cogent explanation for the liaisons supported the trial judge’s finding of adultery based upon the opportunity to engage in sexual intercourse. See Coe v. Coe, 225 Va. 616, 303 S.E.2d 923 (1983); Higgins v. Higgins, 205 Va. 324, 136 S.E.2d 793 *157 (1964); Derby v. Derby, 8 Va.App. 19, 378 S.E.2d 74 (1989). But, the undisputed facts in this case establish that Hughes and Kopeski have cohabited together since 1996; they have a romantic relationship and plan to marry; and the relationship is exclusive. These facts are equally, if not more compelling, than the “covert” meeting cases in supporting a fact finder’s conclusion that the two people who have openly cohabited together for several years and who plan to marry have committed adultery.
The majority also cites three cases in support of its holding in which, according to the majority, the Supreme Court and this Court found the evidence insufficient to prove adultery on more compelling facts. See Seemann v. Seemann, 233 Va. 290, 355 S.E.2d 884 (1987); Painter v. Painter, 215 Va. 418, 211 S.E.2d 37 (1975); Romero v. Colbow, 27 Va.App. 88, 497 S.E.2d 516 (1998). None of those decisions, in my opinion, supports the action that the majority takes in this case. In none of those cases did the Courts find the evidence insufficient, on appeal, to support a finding of adultery. In fact, in Seemann and Painter the Supreme Court affirmed and expressly upheld the factual findings of the trial judge. In Romero, we held that the trial judge was bound by the factual finding of the commissioner who had heard the witnesses and made credibility determinations, rather than the chancellor. These cases support the well established standard of appellate review under which the appellate court is bound by the factual findings of the trial judge when supported by credible evidence, which is the case here.
For the foregoing reasons, I dissent from the holding of the majority with respect to that issue. I would affirm the trial court.
Finally, as to the majority’s holding that the trial judge erred by considering Hughes’ testimony from the ore tenus hearing in the separate custody case, in my opinion, that error was harmless, see generally Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc), because the two cases, although filed as separate proceedings, *158 involved the same parties, the same judge, and essentially the same issues concerning the proof of adultery to support the grounds for divorce or changing custody. Admittedly, a different attorney represented Mrs. Hughes in the two proceedings, but essentially the same evidence was presented in both proceedings, even though one was by deposition arid one ore tenus. In my opinion, the error does not justify reversing the judgment of the trial court.