COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank


BARBARA ANN THACKER CATRON

MEMORANDUM OPINION[*] BY
v.    Record No. 1321-00-3         JUDGE RUDOLPH BUMGARDNER, III
                                       FEBRUARY 6, 2001
LARRY DOUGLAS CATRON


FROM THE CIRCUIT COURT OF SCOTT COUNTY
William C. Fugate, Judge

(John H. Qualls, on brief), for appellant.
Appellant submitting on brief.

(Roderick St. Martin; Coleman & St. Martin,
on brief), for appellee.  Appellee submitting
on brief.


The trial court granted Larry D. Catron a divorce on the

grounds of adultery.  Barbara Ann Catron contends the evidence

did not support a finding of adultery.  We conclude credible

evidence supported that finding.

On appeal, we view the evidence in the light most favorable

to the husband, the prevailing party below.  Gasque v. Mooers

Motor Car Co., 227 Va. 154, 157, 313 S.E.2d 384, 387 (1984).  So

viewed, the parties married in 1964 and separated in 1995, but

the relationship began to deteriorate in 1989.  The wife started

drinking heavily, resulting in three driving under the influence

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and three shoplifting convictions.  She received inpatient alcohol treatment and served time in jail as well.

The wife met Hobart Scism through her husband who worked with Scism.  The first indication that they had developed a relationship came when the husband discovered the letters that Scism had written her while she was in jail in 1993.  After the wife moved to a separate bedroom in June 1994, the husband found a photograph of Scism under her mattress.  When the parties separated in January 1995, the husband moved out of the marital residence.  Later, the husband returned to the marital residence while the wife was in jail.  He found a box of photographs which he introduced to prove the wife committed adultery with Scism in September 1994 and in October 1995.

While the photographs do not depict the two engaged in the act, they showed the wife on several different occasions posed for the pictures in Scism's bedroom.  In the photographs she was completely unclothed on one occasion and only in her underwear on the other occasions.  The wife testified extensively about the photographs.  She gave conflicting statements about who took the pictures and when and where they were taken.  None of her explanations comported with the details revealed in the photographs.

The wife contends the photographs described suspicious circumstances but are not sufficient to prove adultery in the face of unrefuted denials by her and Scism.  The wife's argument

-

relies heavily on her denial that she and Scism did not have sexual relations. However, her testimony is not proof if it is not credible.

"[W]e are not required to believe that which we know to be inherently incredible or contrary to human experience or to usual behavior." Willis v. Commonwealth, 218 Va. 560, 564, 238 S.E.2d 811, 813 (1977) (citation omitted). The fact finder determines whether evidence is unclear, unreasonable, or false. Evidence is incredible if it is "'so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things [such as photographs] as to the explanation and meaning of which reasonable men should not differ.'" Milk Comm. of Virginia v. Safeway Stores, 199 Va. 837, 841, 102 S.E.2d 332, 335 (1958) (quoting Daniels v. Transfer Co., 196 Va. 537, 544, 84 S.E.2d 528, 532 (1954)).

Even though the wife's denials are unrefuted by direct evidence, they are refuted by circumstantial evidence. In this case, we are privileged to read the record as the trial court did. Higgins v. Higgins, 205 Va. 324, 330, 136 S.E.2d 793, 797 (1964). The wife repeatedly changed her story regarding the incriminating photographs. Her statements were internally self-contradictory and do not permit reconciliation of the differences. Her testimony was even contradicted in part by Scism's testimony. The wife's testimony does not provide a believable explanation for the photographs. The trial court

-

could conclude the explanations were false.  Having found that she was untruthful in that testimony, the trial court was free to discard her statements denying an affair with Scism.  Upon finding a false denial, the court could infer she committed the act.  Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981) (false statements may be probative of guilt).

"In order to warrant a decree for divorce on the ground of adultery, the burden rests upon the complainant to make out his case by such clear, strong and convincing evidence as to carry conviction to the judicial mind."  Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983); Dooley v. Dooley, 222 Va. 240, 245-46, 278 S.E.2d 865, 868 (1981); Painter v. Painter, 215 Va. 418, 420, 211 S.E.2d 37, 38 (1975); Haskins v. Haskins, 188 Va. 525, 530-31, 50 S.E.2d 437, 439 (1948).

The trial court determines issues of credibility and weight of the evidence.  The photographs, coupled with the wife's incredible explanations, and the reasonable inferences fairly deducible describe more than suspicious circumstances.  We have reviewed the original photographs and the testimony.  "We cannot escape the conclusion, from the cold print of the record, that [the wife] has been guilty of infidelity.  Common sense and the common experience of men are used as our guide.  '[C]redulity must not be stretched to the breaking point.'"  Higgins, 205 Va. at 328, 136 S.E.2d at 796 (citation omitted).

-

We conclude the circumstantial evidence permits a finding of adultery.  Accordingly, we affirm.

Affirmed.