COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Haley


CARL DOUG NOCE
                                                        MEMORANDUM OPINION[*]
v.      Record No. 2219-05-1                                PER CURIAM
                                                           APRIL 11, 2006
LYNN MORELLE CANADA NOCE


            FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                        Westbrook J. Parker, Judge

            (Randolph A. Raines, Jr.; Ferguson, Rawls & Raines, P.C., on brief),
            for appellant.

            (Kristen D. Hofheimer; Sheera R. Herrell; Hofheimer/Ferrebee, P.C.,
            on brief), for appellee.


        Carl Doug Noce (husband) appeals from the circuit court's August 16, 2005 final decree

granting Lynn Morelle Canada Noce (wife) a divorce.  On appeal, husband contends the trial court

erred by (1) not granting the divorce on the grounds of wife's adultery, (2) granting wife spousal

support, and (3) failing to give him credit for his post-separation payments towards the second

mortgage on the marital residence.  Upon reviewing the record and briefs, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved the parties married on January 2, 1977 and separated on February 5, 2002. Two children were born of the marriage. The parties owned a residence which secured two mortgages. Following the parties' separation, husband retained exclusive use of the marital residence.

Husband alleged wife had committed adultery. He contended he contracted a sexually transmitted disease during the marriage. Husband hired a private investigator after the parties separated and introduced evidence that wife had met with another man on at least three occasions. He failed to introduce any further evidence regarding the particulars of wife's relationship with the other man.

Although husband asserted he paid nearly $8,000 towards the second mortgage post-separation, he did not support the contention with documentary evidence and did not demonstrate he made the payments from his separate funds.

The trial court granted the parties a divorce based upon a one-year separation and denied husband's request for credit for his post-separation mortgage payments.

## ANALYSIS

### I.

Husband contends the trial court erred by not awarding him a divorce on the ground of wife's adultery.

It is well established that "[w]here dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). Even if the evidence proved adultery, a trial court is "not compelled to 'give precedence to one proved ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). The record establishes that the parties had been separated in excess of one year when

the trial court granted the divorce on this ground. <u>See</u> Code § 20-91(9). Therefore, under the circumstances of this case, we find no grounds for reversing the decision of the trial court granting the parties a divorce on the ground of a one-year separation.

## II.

Husband contends the trial court erred in awarding spousal support to wife.

"One who alleges adultery has the burden of proving it by clear and convincing evidence." <u>Seemann v. Seemann</u>, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987) (citation omitted). Although this evidence need not be unequivocal, it must be such that "'will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" <u>Id.</u> at 293 n.1, 355 S.E.2d at 886 n.1 (citation omitted). Thus, the Supreme Court has held that "[s]trongly suspicious circumstances are inadequate" and that "[c]are and circumspection should accompany consideration of the evidence." <u>Painter v. Painter</u>, 215 Va. 418, 420, 211 S.E.2d 37, 38 (1975) (citation omitted). "While a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond all doubt." <u>Coe v. Coe</u>, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983). The husband contends wife should not be awarded spousal support because the evidence was sufficient to prove she committed adultery.

Husband alleges he contracted a sexually transmitted disease from wife. He reported that after he confronted her with the fact that he had contracted genital herpes, wife stated that she "didn't know he had it." Husband contends the "he" wife referred to was not himself but another man with whom she had been having an affair. Husband's only other evidence regarding wife's alleged infidelity included several post-separation meetings she had with another man. That evidence proved only that wife met with the man on more than one occasion at her apartment.

Although the trial judge opined that "everybody knows what is going on" in reference to wife's relationship with the other man, the court did not make a finding that wife had committed adultery. The evidence presented by husband simply did not rise above the level of speculation and suspicion. We find no error in the trial court's conclusion that husband failed to establish wife committed adultery by clear and convincing evidence. Accordingly, there was no bar to wife receiving spousal support.

III.

Husband also argues the court erred by failing to give him credit for his post-separation payments towards the second mortgage on the marital residence. Husband asserts he paid approximately $8,000 towards the second mortgage following the parties' separation. He provided no evidence as to the source of the funds he used to pay down the mortgage, and the amortization schedule he introduced indicated he had paid only $850 towards the mortgage.

> Although the separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions.

von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997). In this case, as in von Raab, husband retained exclusive use of the property after the parties separated.

Husband's failure to demonstrate he used his separate funds to pay down the mortgage, his inability to accurately document the amount of his payments, and his exclusive use of the property post-separation supports the court's decision not to grant husband credit for the post-separation payments. We find no abuse of discretion in the court's decision.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.