# CIRCUIT COURT OF HANOVER COUNTY

Charles Goodwin Jordan

v.

Elaine Richardson Jordan

March 23, 2010

Case No. CL09000213-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendant's Motion to Strike or Exclude Evidence. The Court heard argument on the motion on March 11, 2010, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

## I. Standard of Review

The standard for reviewing a plaintiff's evidence on a motion to strike evaluates whether plaintiff has made a *prima facie* case; that is, accepting plaintiff's evidence as true and granting to it all reasonable inferences that can be derived therefrom, the trial court must determine whether it is "conclusively apparent that plaintiff has proven no cause of action against defendant." *Williams v. Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973) (quoting *Leath v. Richmond, Fredericksburg & Potomac RR.*, 162 Va. 705, 710, 174 S.E.

678, 680 (1934)). Sufficiency of the evidence refers to whether the evidence presented by a party meets this particular standard. Thus, the standard of review on a motion to strike is the yardstick by which the sufficiency of the evidence is measured. See *Richmond Dep't of Soc. Servs. v. Carter*, 28 Va. App. 494, 497-98, 507 S.E.2d 87, 88 (1998)

*Klein v. Klein*, 49 Va. App. 478, 481 (2007).

## II. Analysis

Charles Jordan filed suit for divorce against his wife, Elaine Jordan, alleging that she committed adultery and deserted him without justification. Ms. Jordan filed an answer denying both allegations. She subsequently filed a cross-complaint alleging cruelty and requested she be granted a divorce *a mensa et thoro* and that the divorce be merged into a divorce *a vinculo matrimonii* once the statutory period had passed. Discovery in the case is closed, and a hearing on the equitable distribution of the parties' estate is scheduled for March 25, 2010. Pursuant to Rules 3:20 and 4:7(e) of the Virginia Supreme Court, the parties' attorneys have agreed that depositions taken for this case may be considered on Defendant's motion to strike.

Adultery must be proved by clear and convincing evidence. *Seeman v. Seeman*, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987). Proof of "[s]trongly suspicious circumstances" is not enough. *Painter v. Painter*, 215 Va. 418, 420, 211 S.E.2d 37, 38 (1975).

Having reviewed the evidence in this case, including the extensive depositions submitted by counsel, the Court concludes Plaintiff lacks sufficient evidence to prove adultery by the requisite standard of clear and convincing evidence. Accordingly, a *prima facie* case for divorce based upon the ground of adultery does not exist, even when all reasonable doubts as to the sufficiency of the evidence are resolved in favor of Plaintiff.

Desertion and abandonment must only be proved by a preponderance of the evidence. *Bacon v. Bacon*, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1986). Grounds for divorce based upon desertion exists when a party "breaks off matrimonial cohabitation with an intent to desert." *Breschel v. Breschel*, 221 Va. 208, 211, 269 S.E.2d 363, 365 (1980). "Nevertheless, where a party breaking off cohabitation establishes that such conduct was legally justified, that party is not guilty of

desertion." *Id.* (citing *Graham v. Graham*, 210 Va. 608, 616, 172 S.E.2d 724, 730 (1970)). The burden of providing legal justification rests with the party defending against the allegation of desertion, once a *prima facie* case of desertion has been established. *Breschel*, 221 Va. at 22, 269 S.E.2d at 365. A single incident of domestic violence may be sufficient legal justification to excuse the alleged desertion, even though the physical abuse would not entitle the spouse to a divorce grounded on cruelty. *Capps v. Capps*, 216 Va. 382, 219 S.E.2d 898 (1975).

In this case, Husband admits that he pulled Wife's hair the night she left the marital residence because she turned her back to him and refused to look at him during a conversation. He also admits that, prior to October 24, he pulled her out of the marital bed by her ankles because he demanded that she sleep in another room. These acts of physical abuse, when taken together, provide Wife with sufficient legal justification and excuse the alleged desertion. Accordingly, Husband can sustain no suit against Wife for divorce based upon desertion.

Ms. Jordan also requests that all evidence related to spousal support be stricken because of Husband's alleged cruelty and post-separation adultery, both of which she contends bar Husband's claim. However, Wife has not yet been awarded a divorce on the grounds of cruelty and striking Husband's evidence at this point would be premature. Additionally, awarding Ms. Jordan a divorce on the ground of cruelty would not absolutely bar the Court from awarding Husband spousal support. Similarly and because Wife made no allegations of adultery in her cross-complaint, Husband should not be precluded from introducing evidence related to spousal support when Wife has not and cannot be awarded a divorce based on adultery. Moreover, even if she could be awarded a divorce on the ground of adultery, at this procedural stage, Husband should be allowed to introduce evidence regarding spousal support in an attempt to show by clear and convincing evidence that a denial of support would constitute manifest injustice as set forth in Va. Code § 20-107.1(B).

Finally, Wife requests that the Court exclude GPS tracking information obtained by Ace Investigations International, Inc. ("Ace Investigations") because it was obtained by "questionable means." Wife argues that Husband denied knowing whether there was a GPS tracking device on the car Wife was driving and denied specifically authorizing the use of a GPS tracking device, but that he must have known because he received the report from Ace Investigations, which was supplemented with GPS tracking information. Having reviewed the depositions and accepting Husband's testimony as true, the Court declines to find that the GPS

tracking information was obtained in violation of Va. Code § 18.2-146. Accordingly, the motion to exclude the GPS tracking information obtained by Ace Investigations is denied on that basis, but remains subject to any other valid objection.

### III. Conclusion

For the reasons articulated in this letter opinion, the motion to strike of the defendant is hereby granted as to the allegations of adultery and desertion. The motion to strike is denied as to evidence related to spousal support. The motion to exclude the GPS tracking evidence of Ace Investigations is denied.