COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Alston
Argued at Richmond, Virginia


CHARLES GOODWIN JORDAN
                                                      MEMORANDUM OPINION[*] BY
v.       Record No. 0698-11-2                         JUDGE LARRY G. ELDER
                                                           JUNE 26, 2012
ELAINE RICHARDSON JORDAN


                   FROM THE CIRCUIT COURT OF HANOVER COUNTY
                                J. Overton Harris, Judge

            Brandy M. Poss (Lawrence D. Diehl; Barnes & Diehl, P.C., on
            briefs), for appellant.

            Charles E. Powers (Terrence R. Batzli; Batzli Wood & Stiles, P.C.,
            on brief), for appellee.


        Charles Goodwin Jordan (husband) appeals from a final decree granting him a divorce from

Elaine Richardson Jordan (wife).  Upon the trial court's recertification of the statement of facts,[1]

husband contends the trial court erred in (1) granting wife's motion to strike the evidence relating to

husband's allegations of adultery and desertion; and (2) declining to award husband spousal

support.  We hold the trial court did not err in limiting the evidence concerning wife's alleged

adultery and that the evidence supports the trial court's finding that husband has not established his

need for spousal support.  Accordingly, we affirm the final decree of divorce.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband's first assignment of error alleged that the trial court improperly certified
husband's written statement of facts as incomplete without providing husband notice or an
opportunity for a hearing.  Upon consideration of this assignment of error, we remanded the
matter to the trial court to resolve any discrepancies in the statement of facts and provide the
parties with an opportunity to be heard on that issue.  Having received the trial court's amended
written statement of facts and the transcript from the relevant hearing, we grant the parties'
request to move forward with husband's remaining assignments of error.

I.

BACKGROUND

"We review the evidence in the light most favorable to . . . the party prevailing below and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). So viewed, the evidence establishes that husband and wife married in October 1981. On March 13, 2009, husband filed for divorce on the grounds of wife's adultery and desertion and requested spousal support. Wife denied the allegations of adultery and asserted she had legal justification for leaving the marital residence based upon "fear[ of] further mental and physical harm to herself." On March 8, 2010, wife filed a motion to strike the "evidence in support of [husband's] affirmative grounds for divorce and request for spousal support," contending husband "has failed to establish a *prima facie* case for either" adultery or desertion.

The trial court heard argument on March 11, 2010. Wife argued her suspicious conduct could be explained by her attorney/client relationship with the alleged paramour and that husband had not provided any evidence refuting her explanation. Wife asserted that "the discovery in this case is complete." In response, husband argued that wife's motion to strike was premature because he had not finished presenting his evidence. Husband further characterized wife's motion to strike as a motion for summary judgment, which the trial court lacked authority to grant under Rule 3:20.

On March 23, 2010, the trial court issued a letter opinion that concluded husband "lacks sufficient evidence to prove adultery by the requisite standard of clear and convincing evidence" and "a *prima facie* case for divorce based upon the ground of adultery does not exist, even when all reasonable doubts as to the sufficiency of the evidence are resolved in favor of [husband]." The trial court further found that husband's "acts of physical abuse" provided wife with "sufficient legal justification [to] excuse the alleged desertion." Husband endorsed the accompanying order and objected on the grounds that Rule 3:20 did not permit the relief granted, husband was not

permitted to call witnesses to testify in person, and the trial court did not rule on wife's assertion of privilege in response to certain questions.

On October 27, 2010, the trial court conducted a hearing to determine the grounds for divorce, equitable distribution of the marital estate, spousal support, and attorney's fees. In a letter opinion, the trial court granted the parties a no-fault divorce on the basis that they lived separate and apart for a period exceeding one year under Code § 20-91(A)(9)(a). The trial court also distributed the parties' assets. In a separate letter opinion regarding spousal support, the trial court "consider[ed] the circumstances and factors which contributed to the dissolution of the marriage," as well as "the factors set forth in Virginia Code § 20-107.1(E)." In pertinent part, the trial court found that husband had not established a need for spousal support and therefore denied his request. The trial court entered a final decree of divorce that memorialized its findings on March 9, 2011.

This appeal follows.

II.

ANALYSIS

A.

AUTHORITY TO GRANT MOTION TO STRIKE

Husband argues Rule 3:20 prevented the trial court from granting wife's motion to strike the evidence relating to husband's allegations of adultery and desertion. Husband equates wife's motion to strike the evidence with a motion for summary judgment and reasons that because summary judgment is not available in an action for divorce, the trial court was prohibited from granting wife's motion to strike husband's complaint for divorce on the grounds of adultery and desertion. Husband further reasons that a motion for summary judgment, which resolves only

- 3 -

questions of law, is an improper vehicle to challenge an allegation of adultery, which is a question of fact.

Rule 3:20 provides that "[a]ny party may make a motion for summary judgment at any time after the parties are at issue, except in an action for divorce or for annulment of marriage." To support his position, that the trial court erred in granting wife's motion to strike, husband cites Costner v. Lackey, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982) (per curiam), for the proposition that a "motion to strike is in effect a motion for summary judgment." Husband takes this principle out of context. "[S]ummary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute." Turner v. Lotts, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992). By contrast, a motion to strike tests the legal sufficiency of a pleading to determine whether the litigant has made a *prima facie* case. See Chaplain v. Chaplain, 54 Va. App. 762, 773, 682 S.E.2d 108, 113 (2009). Finding that no dispute of material fact exists is not the same as "'accepting as true all evidence favorable to a plaintiff and any reasonable inferences that may be drawn from such evidence.'" Volpe v. City of Lexington, 281 Va. 630, 639, 708 S.E.2d 824, 828 (2011) (quoting TB Venture, LLC v. Arlington Cnty., 280 Va. 558, 562-63, 701 S.E.2d 791, 793 (2010)). Indeed, a "'motion for summary judgment is . . . not intended as a substitute for a demurrer, a demurrer to the evidence or a motion to strike.'" Goode v. Courtney, 200 Va. 804, 807-08, 108 S.E.2d 396, 399 (1959) (quoting Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 5, 82 S.E.2d 588, 590 (1954)).

Here, the trial court viewed the evidence in the light most favorable to husband and concluded that the evidence was insufficient to support husband's allegations of adultery and desertion. Husband does not contest these findings. Further husband cites to no authority, and we have found none, that prohibits a trial court from granting a motion to strike the evidence

regarding one facet of the divorce proceedings. We therefore hold that Rule 3:20 did not preclude the trial court from granting wife's motion to strike the evidence.

B.

SUBMISSION OF THE EVIDENCE

Husband next argues the trial court erred in granting wife's motion to strike the evidence relating to his allegations of adultery and desertion because such a ruling was premature. Husband contends he had not concluded presenting his evidence and, if allowed to continue the hearing, he would have presented the testimony of himself and wife to support his allegations of adultery and desertion. To support his argument, husband points to the deposition testimony considered by the trial court, which anticipated the use of the evidence in a later proceeding.

At the March 11, 2010 hearing, the parties agreed that the trial court would consider the depositions taken on January 4, January 6, February 15, and February 19, 2010.[2] At husband's depositions, he described the circumstances leading to the dissolution of the marriage, including an incident of alleged physical abuse on October 24, 2008, that led to wife's leaving the marital residence. At wife's depositions, wife described her version of the events as well as the relationship with her alleged paramour. When husband's counsel questioned wife about her interactions with her alleged paramour, wife invoked attorney/client privilege and her Fifth Amendment privilege against self-incrimination. Wife explained that her alleged paramour was her client at the time and, therefore, that she could not discuss any specifics of their conversations. Husband contested the veracity of this claim by questioning why wife spent over four hours with her client but only billed him for an hour and a half. Throughout her depositions, wife reiterated that her relationship

---

[2] "No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any discovery depositions under Rule 4:5, *unless all parties to the action shall agree* that such deposition may be so used." Rule 3:20 (emphasis added); see also Code § 8.01-402; Rule 4:7(e).

- 5 -

with her alleged paramour was strictly work-related and the frequency of her communications with him was due to the nature of her work. These depositions contain no physical or direct evidence of wife's alleged adultery.

At the March 11, 2010 hearing, husband proffered that he intended to call wife to the stand and question her regarding several phone calls and conversations that were supposedly work-related but never billed. Husband explained, "I want Your Honor to listen when [wife] gets up there and I ask her the question. And I want you to listen as to whether she pleads the Fifth for something that happened more than a year ago, which I don't think is appropriate or when she asserts attorney client privilege." Husband further alluded to "other witnesses" who would testify at a later proceeding. The trial court took these matters under advisement and set the matter for trial on March 25, 2010.[3]

Husband relies exclusively on a footnote in Rouse v. Great Atlantic & Pacific Tea Co., 216 Va. 293, 294 n.1, 217 S.E.2d 891, 892 n.1 (1975), which states the trial court "should have allowed the plaintiff to complete his case in chief" and should not have "sustained the motions to strike the evidence and entered summary judgment after only the plaintiff and a medical witness had testified." However, the Court in Rouse further noted that

> [a]ny possible error is rendered harmless in this instance, . . . because as the result of a stipulation at the bar of this Court we are able to consider all of the additional evidence which the plaintiff would have offered had he been permitted to complete his case. Such additional evidence is contained in discovery depositions which are a part of the record before us.

Id. We must therefore determine whether husband's proffered evidence, when viewed in conjunction with the deposition testimony, meets the elevated standard of proving adultery under the harmless error analysis.

---

[3] It appears that this hearing was canceled, and the matter was rescheduled for October 27, 2010.

"One who alleges adultery has the burden of proving it by clear and convincing evidence." Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987). "[E]ven strongly suspicious circumstances are not enough to establish adultery." Painter v. Painter, 215 Va. 418, 420, 211 S.E.2d 37, 38 (1975). A "credible explanation" that demonstrates "'the relationship or living arrangement between [the spouse and the alleged paramour] was for economic benefit or personal convenience'" undermines an allegation of adultery. Hughes v. Hughes, 33 Va. App. 141, 150, 152, 531 S.E.2d 645, 649-50 (2000) (quoting Gamer v. Gamer, 16 Va. App. 335, 340, 429 S.E.2d 618, 622 (1993)).

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Code § 8.01-678; see Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (establishing Kotteakos v. United States, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946), as the standard for nonconstitutional harmless error).

Assuming without deciding that the trial court erred in granting wife's motion to strike prior to the conclusion of husband's case-in-chief, we hold that any such error was harmless because husband's proffered evidence does not indisputably refute wife's credible explanations for her suspicious conduct. Observing wife's demeanor as she asserted her Fifth Amendment right against self-incrimination would not compel the rejection of her plausible explanation that her relationship with her alleged paramour was strictly professional. Wife explained her numerous invocations of attorney/client privilege stemmed from her advocacy of her alleged paramour's business interests as the attorney for his company. Husband had the responsibility to demonstrate how the trial court's ruling on wife's motion to strike was premature and prejudiced his right to a fair trial. The trial court had ample evidence from the exhaustive depositions, and

husband's proffered evidence is legally insufficient to compel a finding that wife committed adultery. We therefore hold that the trial court did not commit reversible error in granting wife's motion to strike the evidence prior to the conclusion of husband's case-in-chief.

C.

ASSERTION OF PRIVILEGE

Throughout her depositions, wife invoked attorney/client privilege and her Fifth Amendment right against self-incrimination in response to several questions from husband's counsel regarding the alleged affair. Wife explained that because her alleged paramour was her former client and all of their interactions revolved around work, she was unable to provide details as to their conversations. Counsel for husband objected to wife's invocations, stating that the parties would address wife's "objections and insertion of the Fifth Amendment . . . at the hearing." However, the trial court did not issue a ruling regarding wife's assertion of privilege in the March 23, 2010 letter opinion or the order striking the evidence.

Husband argues the trial court erred in granting wife's motion to strike before issuing a ruling on whether wife could rely on attorney/client privilege to prevent her from providing details of her interactions with her alleged paramour. Husband contends the trial court's failure to rule on these privilege issues "improperly prohibited [him] f[r]om presenting all his evidence."

Although husband asserts that the trial court "needed to rule on [wife's] assertion of privilege before ruling on the Motion to Strike," the record contains no order conveying an adverse ruling. Because husband "did not obtain a ruling from the trial court on his pretrial motion, 'there is no ruling for [this Court] to review' on appeal, and his argument is waived under Rule 5A:18." Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010) (quoting Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993)). Further, the record does not contain a basis for husband's objection to wife's assertions of

- 8 -

privilege. "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc); see Delaney v. Commonwealth, 55 Va. App. 64, 67, 683 S.E.2d 834, 835-36 (2009) (noting that the defendant's "statement of facts . . . [was] devoid of any indication as to what arguments and objection were presented to the trial court"). Because the record does not contain an adverse ruling with regard to wife's assertion of attorney/client or Fifth Amendment privilege or indicate the basis of husband's objection to wife's assertion of privilege, we cannot consider his argument on appeal.

D.

SPOUSAL SUPPORT

Husband argues that because the trial court ultimately erred in granting wife's motion to strike the evidence relating to his allegations of adultery and desertion, we must remand to the trial court the issue of whether husband is entitled to spousal support. Husband maintains that any grounds for divorce must be considered along with the other factors in Code § 20-107.1.

The trial court "in determining whether to award support and maintenance for a spouse, shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce under the provisions of subdivision (3) or (6) of § 20-91 or § 20-95." Code § 20-107.1(E). "[W]here there is no bar to the right of spousal support," a spouse is "entitled to an award of spousal support to the extent the factors in Code § 20-107.1 support[] such an award." Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986). Husband premises his argument on the assumption that upon remand to reconsider husband's allegations of adultery and desertion in light of the proffered evidence, the trial court will reverse its previous decision, thereby entitling husband to spousal support. In other words, husband challenges not the trial court's decision itself but the procedural errors

- 9 -

accompanying the decision. Because we hold that any procedural error committed by the trial court was harmless, we need not remand the matter to the trial court for this purpose.

E.

ATTORNEYS' FEES

Both husband and wife request attorneys' fees and costs related to this appeal. On consideration of the record before us, we hold that "the litigation addressed appropriate and substantial issues and that neither party generated unnecessary delay or expense in pursuit of its interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Accordingly, we deny their requests for an award of attorneys' fees and costs they incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

III.

CONCLUSION

We hold the trial court did not err in granting wife's motion to strike husband's complaint for divorce on the grounds of adultery and desertion. Rule 3:20, by its plain terms, permits a trial court to grant a party's motion to strike the evidence relating to an incident of a divorce proceeding. Further, assuming without deciding that the trial court erred in granting wife's motion to strike before husband finished presenting evidence, such error was harmless. In addition, husband waived his objection based on wife's assertion of privilege because the record does not contain an adverse ruling on this issue. Finally, because we find no error in the order granting wife's motion to strike, we decline husband's request to remand the matter to reconsider spousal support. For these reasons, we affirm the final decree of divorce.

Affirmed.